IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION



| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| BOULDER CROSSROADS, LLC | § | CAUSE NO. A-10-CA-009 LY |
| DEBTOR. | § | |

| | | |
|---|---|---|
| LYLE STANLEIGH, | § | |
| APPELLANT, | § | 09-10381 |
| | § | |
| V. | § | |
| | § | |
| BOULDER CROSSROADS, LLC, | § | |
| APPELLEE. | § | |

## MEMORANDUM OPINION AND ORDER

This case is an appeal of an order of the United States Bankruptcy Court for the Western District of Texas, Austin Division denying "Motion for Leave to File Late Objection to Plan" and granting "Motion to Strike Stanleigh's Joinder in and Objection to Plan," both signed on October 15, 2009. *See* 28 U.S.C. § 158(a)(1) (2006). Before the Court are Appellant Lyle Stanleigh's Brief filed January 20, 2010 (Doc. #3); Appellee Boulder Crossroads, LLC's Brief filed February 4, 2010 (Doc. #5); Appellant's Reply Brief filed February 18, 2010 (Doc. #6); and the designated record on appeal (Doc. ##1, 4). On March 5, 2010, the Court entertained oral argument. Having carefully considered the briefs, record, argument of counsel, and applicable law, the Court concludes that the bankruptcy court's orders should be affirmed for the reasons to follow.

*Background*

Debtor Boulder Crossroads, LLC "Boulder Crossroads" filed a petition for Chapter 11 reorganization on February 17, 2009. Included among its creditors were 12 individuals, including

Appellant Lyle Stanleigh ("Stanleigh"), who had pledged letters of credit or certificates of deposit to International Bank of Commerce ("IBC") to assist Boulder Crossroads in obtaining financing. These individuals were referred to as "Credit Enhancement Noteholders." Boulder Crossroads a limited liability company that builds and operates a shopping center in Las Vegas.

Boulder Crossroads filed a Plan of Reorganization on May 18, 2009. On August 20, 2009, the bankruptcy court rendered an order approving Boulder Crossroads's disclosure statement and setting the following deadline: September 14, 2009, deadline to object to the plan. Under the plan, the claim of Stanleigh was classified as a Class 7 claim of a Credit Enhancement Noteholder. The Plan provided that the claims of Credit Enhancement Noteholders would be converted into equity in the reorganized debtor.

On August 25, 2009, the plan, disclosure statement, ballot and order approving disclosure statement were mailed to creditors. Stanleigh did not submit either a ballot or file an objection prior to the September 14, 2009 deadline. On September 14, 2009, IBC filed an objection to the plan. On September 17, 2009, Stanleigh filed an objection to the plan. On September 18, 2009, Boulder Crossroads filed a motion to strike the Stanleigh objection as untimely.

On September 22, 2009, Stanleigh filed a motion for leave to file late filed objection, stating that he was not aware of a basis for objecting until IBC filed its objection on September 14, 2009. On October 15, 2009, the bankruptcy court conducted a hearing on the motion to strike and motion for leave, at the conclusion of which the court granted the motion to strike and denied the motion for leave. On October 23, 2009, Stanleigh filed a Motion to Reconsider the two orders of October 15, 2009. The bankruptcy court denied the motion on October 30, 2009.

On November 6, 2009, the bankruptcy court conducted a hearing on the plan. At the hearing, it was announced that Boulder Crossroads had reached an agreement with IBC and that IBC was withdrawing its objection and voting in favor of the plan. On December 28, 2009, the bankruptcy court rendered an order confirming the plan. Stanleigh did not appeal the confirmation order, which became final on January 11, 2010.

*Standard of Review*

Issues of fact are reviewed for clear error, and issues of law are reviewed *de novo*. *See In re National Gypsum*, 208 F.3d 498, 504 (5th Cir. 2000); *In the Matter of Coston*, 987 F.2d 1096, 1099 (5th Cir. 1992). The bankruptcy court's decision on a motion for leave to file a late-filed objection is reviewed for abuse of discretion. *See In re Pettle*, 410 F.3d 189, 191 (5th Cir. 2005).

*Analysis and Conclusion*

Stanleigh asserts that the bankruptcy court erred in not allowing him or other creditors the 25-day notice to file an objection to the plan under Bankruptcy Rule 2002(b)(2). Although his objection was filed on September 17, 2009, some 3 days after the deadline set forth in the bankruptcy court's August 20, 2009 order, Stanleigh argues that the order does not comply with Rule 2002(b)(2). He further contends that there was no request, notice, or order on any motion to shorten the time required under the Rule. Thus, Stanleigh argues, the bankruptcy court erred in denying him a hearing on his objection because the objection was filed within the statutory time period allowed to creditors to file an objection to the plan.

In response, Boulder Crossroads argues that this is not a case where the bankruptcy court ordered that objections would be due within 25 days after mailing of notice, but rather the

Crossroads, LLC's Motion to Strike Lyle B. Stanleigh's Joinder in and Objection to Plan by the United States Bankruptcy Court for the Western District of Texas are **AFFIRMED**.

SIGNED this _26th_ of _April_, 2010.

_____
LEE YEAKEL
UNITED STATES DISTRICT JUDGE